IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FINTIV, INC., | § § | Civil Action No.: 6:18-CV-372-ADA |
| Plaintiff, | § § § | |
| v. | § § | JURY TRIAL DEMANDED |
| APPLE INC., | § § § | |
| Defendant. | § § § | |

**DEFENDANT APPLE INC.'S POST-HEARING BRIEF IN SUPPORT OF ITS MOTION
TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) (DKT. NO. 40)**

Last week, the Court held a hearing on Apple's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of California. *See* Dkt. Nos. 40 ("Motion"), 45 ("Opposition"), and 52 ("Reply"). At that hearing, Fintiv relied heavily on the proposition that courts must "draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party" within the context of a disputed transfer motion under § 1404(a). *See*, *e.g.*, Ex. A, Fintiv slides 6 and 18; Ex. B, Hearing Tr. at 33:11-14, 38:15-39:11; 43:12-44:7; 63:1-11; 69:23-70:6. Because that asserted legal principle did not display itself prominently in the briefing, and because the Court asked about it at the hearing, Apple submits this supplemental response to assist the Court in understanding the genesis and proper application of this well-known legal principle.[1]

---

[1] In a footnote in its opposition brief (Dkt. No. 45), Fintiv cited *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018) (and two other EDTX cases) for the proposition that "when deciding a motion to transfer venue under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." Opposition, fn. 2 (also citing *Potter v. Cardinal Health 200, LLC.*, No. 2:19-CV-00007-JRG, 2019 WL 2150923, at *2 (E.D. Tex. May 16, 2019) and *CXT*

1

The § 1404(a) convenience analysis invokes the Court's discretionary powers to answer an equitable question (*viz.*, a convenience transfer) by weighing the evidence before it, and when properly weighed, as outlined in Apple's briefing and at the hearing, the only reasonable conclusion is that the case should be transferred to California.  The § 1404(a) convenience analysis does not, as Fintiv suggests, require drawing all reasonable inferences and resolving factual conflicts in favor of the plaintiff, and Apple submits that reliance on *Weatherford* as cited by Fintiv in the § 1404(a) context would be misplaced.

The language cited by Fintiv from *Weatherford* has its roots in Rule 12(b)(3) jurisprudence concerning improper venue.  The *Weatherford* case cites and paraphrases *Sleepy Lagoon, Ltd. v. Tower Group, Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011), which relies on *United States v. Gonzales & Gonzales Bonds and Ins. Agency, Inc.*, 677 F.Supp.2d 987, 991 (W.D. Tenn. 2010).  The *Sleepy Lagoon* and *Gonzales* cases each dealt with situations where the defendant filed both an improper venue motion under Rule 12(b)(3) *and* a motion to transfer under § 1404(a).  Thus, it is understandable why those decisions may have referenced the Rule 12(b)(3) standard in the legal standard section which also addressed § 1404(a) convenience transfers.  The *Gonzales* decision, however, cites *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F.Supp.2d 534, 537 (W.D. Tenn. 2006), which says, in the context of a § 12(b)(3) motion *with no corresponding § 1404(a) motion*, that "[t]he Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."

This principle, that courts must "draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party," is well-established in the context of deciding motions that could summarily dispose of a claim or cause of action (*e.g.*, motions to dismiss under Rule 12(b)(6)) or motions which primarily concern legal issues dealing with a court's constitutional or statutory authority to hear a case (*e.g.*, Rule 12 motions dealing with

---

*Sys., Inc. v. Container Store, Inc.*, No. 2:18-CV-00173-RWS-RSP, 2019 WL 1506015, at *1 (E.D. Tex. Apr. 5, 2019)).  This issue was otherwise not addressed in the briefing.

jurisdiction, improper venue, etc.).  *See*, *e.g.*, *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004) (When considering a 12(b)(1) motion to dismiss for lack of personal jurisdiction, "we must view the evidence in the light most favorable to [the non-movant] and resolve factual conflicts in its favor …."); *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (on a 12(b)(6) motion the court "draw[s] all reasonable inferences in favor of the nonmoving party, and view[s] all facts and inferences in the light most favorable to the nonmoving party" (quotations omitted)); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003) ("in the context of a Rule 12(b)(3) motion…the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party").  This standard makes sense in this context where the relief requested by the motion is dismissal of the case or a cause of action.

But this principle should have no role in the context of considering the § 1404(a) convenience factors.  Apple contends that decisions otherwise noted above wrongly transposed this legal principle as cited in *Weatherford* into the 1404(a) analysis.  Section 1404(a), instead, requires courts to exercise their equitable powers and weigh the evidence related to convenience, not merely rule in favor of the non-movant whenever a purported factual dispute exists; circuit courts consistently indicate this is so.  *See, e.g., In re Fusion-Io, Inc.*, 489 F. App'x 465, 465-66 (Fed. Cir. 2012) (denying a mandamus petition because granting it would "bypass the district court's weighing of the facts and considerations relevant to its transfer motion" where the district court had not "address[ed] the merits of the motion for transfer"); *In re Telular Corp.*, 319 F. App'x 909, 912 (Fed. Cir. 2009) (denying mandamus because "[t]he district court weighed competing positions which were reasonably supported by the facts"). Indeed, the Ninth Circuit recognized the importance of weighing the evidence in *Fisher v. Las Vegas Hilton Corp.*, 47 F. App'x 824, 826-27 (9th Cir. 2002) where, in affirming case transfer, the court stated that "[t]he district court [] carefully parsed the evidence within each of eight identified factors it considered, issuing a 27-page opinion justifying its decision to transfer the case." *Fischer v. Las Vegas Hilton Corp.*, 47 F. App'x 824, 826 (9th Cir. 2002). Going on, the Ninth Circuit panel explains

that, "[i]n particular, it considered and weighed the evidence concerning witness convenience and found that 'Defendants have sufficiently shown that they have at least a dozen potential material witnesses in the District of Nevada.' Of plaintiff's California witnesses, the court noted that several of them appeared to have no knowledge about the specific issues important to this case. … The district court's reasons are sufficient to support its exercise of discretion in transferring the case." *Id*. District courts are in accord. *See, e.g.*, *Enigma Software Group USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 404 fn.1 (S.D.N.Y. 2017) (listing the standards for 12(b)(2) and 12(b)(6) motions, and then distinguishing and applying the proper standard for a 1404(a) motion and noting that "on a motion to transfer venue [under § 1404(a)], the Court may consider factual submissions, including declarations"); *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1302-05 (M.D. Ga. 2003) (allowing discovery and then reviewing the evidence to determine whether the plaintiffs had, in fact, signed a contract relevant to the transfer analysis); *MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 222 (D. Del. 2017) ("Parsing through sworn facts, we carefully consider whether another venue is more appropriate to timely resolve a dispute over property created in California or Taiwan between citizens from states other than Delaware."); *Kilbourne v. Apple Inc.*, 2018 WL 3954864, at *4 (S.D. Tex. July 27, 2018) ("the finding [that the case should be transferred to the Northern District of California] is based in large part on the importance of [third-party] August's evidence, through testimony and exhibits, as the party who developed, manufactures, and provides the Accused Product to Apple"). Thus, the § 1404(a) convenience analysis does not, as Fintiv suggests, require drawing all reasonable inferences and resolving factual conflicts in favor of the plaintiff, and Apple submits that doing so in the § 1404(a) context would be error.

    Regardless of whether the Court applies the *Weatherford* principle to the § 1404(a) convenience analysis, the case should be transferred to the Northern District of California. If the Court weighs the parties' evidence, as Apple contends it should when conducting a 1404(a) convenience analysis, the only reasonable conclusion is that the case should be transferred to California. And, as explained in Apple's briefing and at the oral hearing, this case should be

transferred even if the Court applies the *Weatherford* principle because Fintiv's "evidence" (*viz.*, internet hearsay of dubious probative value) is insufficient to support a "*reasonable* inference" or create any legitimate "factual dispute" as to whether any third-party in the Western District of Texas would likely be a trial witness. *See* Dkt. No. 52 (Apple's Reply); Dkt. No. 53-1 (NXP Dec. of C. Dachs, ¶¶7-20); Dkt. No. 53-2 (Supp. Dec. of M. Jaynes, ¶8); Dkt. No. 66 (Hearing Tr. at 49:15-51:17). Applupe respectfully submits that Fintiv's reliance on *Weatherford* is misplaced and, on the facts before the Court and in view of the relative strength of the evidence, the case should be transferred to the Northern District of California.

Dated: September 7, 2019

Respectfully submitted,

Claudia Wilson Frost – Lead Counsel
Texas Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
Email: cfrost@orrick.com

Travis Jensen
California Bar No. 259925
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Rd.
Menlo Park, CA 94025
Telephone: 650.614.7400
Facsimile: 650.614.7401
Email: tjensen@orrick.com

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel. (512) 495-6429
Fax (512) 495-6401

5

Email: steve.ravel@kellyhart.com
Email: jr.johnson@kellyhart.com

ATTORNEYS FOR APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 7, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5. Any other counsel of record will be served by a facsimile transmission or first-class mail.

*/s/ J. Stephen Ravel*
J. Stephen Ravel